UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON P. BRADLEY and SAMUEL A BRADLEY, husband and wife, individually and on behalf of a Class of similarly situated Washington families,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN DREXEN, INC. a Nevada corporation, MORGAN DREXEN, LLC; THE MORGAN DREXEN GROUP, an association; WALTER LEDDA a California resident; JOHN DOES 1-10; and JANE DOES 1-10,<br><br>Defendants. | NO. CV-09-109-RHW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Before the Court is Defendants' Motion to Dismiss for Improper Venue (Ct. Rec. 8); Motion to Dismiss for Lack of Personal Jurisdiction; and Motion to Strike (Ct. Rec. 25). A hearing on the motions was held on August 5, 2009, in Spokane, Washington. Plaintiff was represented by Darrell Scott and Timothy Durkop. Defendants were represented by Glenn Dassoff and Tom Bassett.

**BACKGROUND**

Plaintiffs Sharon and Samuel Bradley have brought suit on behalf of a class of similarly situated Washington families against Morgan Drexen, a Nevada Corporation, the Morgan Drexen Group, Morgan Drexen, LLC, Walter Ledda, the founder and principal officer of Morgan Drexen, and several unnamed Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 1**

Plaintiffs claim that Defendants have charged them excessive fees as part of a debt consolidation agreement in violation of the Washington Debt Adjustment Act, RCW 18.28.080 and the Washington Consumer Protection Act (CPA).

In their Complaint, Plaintiffs allege that Defendants engage in a scheme where the class members enter into Defendants' Debt Recovery Program by signing a standardized Contract for Debt Negotiation Services and Authorization for Credit/Automated Clearing House (ACH) Handling. Defendants then set up and maintained individual accounts to hold each Class member's funds for the supposed purpose of paying Class members' debt upon settlement with creditors. Pursuant to the contract, Defendants then first pay themselves excessive program fees and charges from these individual account, in violation of Washington law.

In Plaintiffs' case, Sharon Bradley received an unsolicited telephone call from Defendant Morgan Drexen in which it offered her services to assist in reducing her debt, which was approximately $7,200. Morgan Drexen sent an application form for their program along with a written agreement. Plaintiffs' completed the paperwork and sent it back to Morgan Drexen. The agreement stated that Plaintiffs would pay Morgan Drexen $169.12 month. They were told that they would be debt free in 36 months if the $169.12 payment was made. The payment was automatically deducted from Plaintiffs' checking account.

Plaintiffs were charged an initial fee of $675.00, which was paid from the $169.12 monthly payments. In addition, Morgan Drexel charged a $45 monthly maintenance fee, which equaled 26.6% of the monthly payment. In addition to these fees, Morgan Drexel charged a settlement fee, which was 25% of the difference that was owed to the creditor and what they were settled from, plus a $10.00 check handling fee.

According to Plaintiffs, they paid over $2,300 to Morgan Drexen. Yet, only one debt was settled for $767.00. During this time, Plaintiff was sued by Capital

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 2**

One Bank. Morgan Drexen instructed Plaintiff to send a copy of the Complaint to them, which Plaintiff did. Morgan Drexen then had the law firm of Haward & Nassiri send Plaintiff an answer to the Complaint with an instruction sheet telling her how to file the Answer and send a copy to Capital One's attorneys.

Plaintiffs allege that the debt adjustment contract entered into by the Plaintiffs and Defendants violates the Washington statutes for the following reasons: 1) Defendants' standardized authorization for Credit/ACH Handling agreements provided for transfer of Class member's moneys to accounts held outside the state of Washington, in violation of RCW 18.28.110; 2) Defendants failed to keep and maintain permanent records of all payments by Class members and all disbursements to Class members' creditors in the state of Washington, as required by RCW 18.28.110; 3) the contract charged a total fee for debt adjusting services in excess of fifteen percent of the total debt listed on the contract, thereby violating RCW 18.28.080; and 4) the contract provided for fees exceeding fifteen percent of the individual payments made by Class members, in violation of RCW 18.28.080.

Defendants now move for dismissal of the complaint, asserting that the forum selection clause contained in the contract requires that Plaintiffs litigate their claims in Orange County, California, and that this Court does not have personal jurisdiction over Defendant Walter Ledda.

**I.    Defendant's Motion to Dismiss for Improper Venue**

The parties have framed the issue from two different perspectives. Defendants are seeking to enforce the forum selection clause contained within the contract at issue. The Forum Selection Clause states:

> This agreement is entered into in California upon acceptance by MDG in California, and the law of California governs this entire agreement. The Courts of Orange County, California have exclusive venue and jurisdiction in any controversy relating to or arising out of this agreement. All parties waive any objections to venue in Orange

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 3**

County, California. (Ct. Rec. 11).

Plaintiffs attack the contract on its face and argue that because it violates Washington law, the entire contract is void, including the forum selection clause.

Here, the question the Court must first answer does not begin with the interpretation of the contract or the forum selection clause.  The contract is clear. Any dispute between the parties relating to or arising out of the contract must be heard in the state courts of Orange County, California.

Instead, the answer to the question lies with the complaint.  In bringing this action, Plaintiffs are not seeking to enforce the contract; rather, Plaintiffs are asserting a claim under the Washington Debt Adjustment Act and the Washington Consumer Protection Act.  In doing so, Plaintiffs are stepping into the shoes of the Attorney General and enforcing the rights that the state of Washington has provided for its citizens, which should not be impeded by a forum selection clause. Moreover, the Washington Legislature has made it a crime to violate the Washington Debt Adjustment Act.  *See* Wash. Rev. Code § 18.28.190.[1]  It is inconceivable that a victim of a Washington crime would have to seek redress in the California courts, or would have to forgo vindicating their rights because of a forum selection clause.  Because the Court concludes that the nature and scope of the complaint does not involve the contract at issue, the Court has diversity jurisdiction to hear the case.

Additionally, a motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3). *Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Consequently, the pleadings

---

[1] Any person who violates any provision of this chapter or aids or abets such violation, or any rule lawfully adopted under this chapter or any order made under this chapter, is guilty of a misdemeanor.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 4**

need not be accepted as true, and facts outside the pleadings properly may be considered.[2] *Id*. "[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1138 (9th Cir. 2004) (finding rule for viewing facts under Rule 56 summary judgment motion applies in Rule 12(b)(3) case). "If the facts asserted by the non-moving party are sufficient to preclude enforcement of the forum selection clause, the non-moving party is entitled to remain in the forum it chose for suit unless and until the district court has resolved any material factual issues that are in genuine dispute." *Id*. at 1139.

Under *Murphy*, the Court must draw all reasonable inferences in favor of Plaintiff. Here, when looking at the Complaint, Plaintiff has alleged facts, which, if true, assert violations of the Washington Debt Adjustment Act.[3] The Act provides:

> If a debt adjuster contracts for, receives or makes any charge in excess of the maximums permitted by this chapter, except as the result of an accidental and bona fide error, the debt adjuster's contract with the debtor shall be void and the debt adjuster shall return to the debtor the amount of all payments received from the debtor or on the debtor's behalf and not distributed to creditors.

Wash. Rev. Code § 18.28.090.

The Court infers that Defendants have violated the Washington Debt Adjustment Act, the contract is void, and the forum selection clause is unenforceable. There is nothing in the record that would suggest an accident or a bona fide error.

To the extent an argument can be made that a claim under the Washington

---

[2]Both parties agree that an evidentiary hearing should be held if the court has any concerns regarding the factual basis underlying the motions.

[3]Defendants have not denied these allegations, nor has Defendant challenged the terms of the contract as set forth in Plaintiff's complaint.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 5**

Debt Adjustment Act should be considered a controversy that relates to or arises out of the contract entered into between Plaintiff and Defendant, the Court finds that enforcement of the forum selection clause in this case would be unreasonable.

The state of Washington has a strong public policy interest in seeing that its citizens are able to enforce its consumer protection laws. *See Dix v. ICT Group, Inc.*, 160 Wash.2d 826, 837 (2007). There are no reported cases enforcing the Washington Debt Adjustment Act. Nevertheless, the Washington legislature has determined that a violation of the Washington Debt Adjustment Act constitutes an unfair or deceptive act or practice under the Consumer Protection Act. *See* Wash. Rev. Code § 18.28.185.

Washington courts have invalidated forum selection clauses that contravene "the strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision." *Dix*, 160 Wash.2d at 835 (*quoting M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 15 (1972)). In *Dix* court held that:

> Given the importance of the private right of action to enforce the [Consumer Protection Act] for the protection of all the citizens of the state, we conclude that a forum selection clause that seriously impairs a plaintiff's ability to bring suit to enforce the CPA violates the public policy of this state. It follows, therefore, that a forum selection clause that seriously impairs the plaintiff's ability to go forward on a claim of small value by eliminating class suits in circumstances where there is no feasible alternative for seeking relief violates public policy and is unenforceable.

*Id.* at 837.

The state of Washington also has a strong interest in protecting its citizens from predatory debt adjuster practices. Defendant's business directly targets those individuals who are in financially-dire circumstances, and thus, would be financially unable to litigate their relatively small claims outside their local jurisdiction. Under these circumstances, the contract closely resembles an adhesion contract that was entered into by a sophisticated and predatory company

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 6**

with a vulnerable consumer with very limited financial resources. In effect, Defendant can violate state consumer laws with impunity knowing that it is highly unlikely that its customers would be able to pursue any legal action against them if the lawsuit would have to be pursued in the state of California. *See e,g, Scott v. Cingular Wireless*, 160 Wash. 2d 843, 855 (2007) (holding an arbitration agreement substantively unconscionable because it effectively exculpated the defendant for potentially widespread misconduct). Given the amount of available damages and the already impoverished state of Defendant's customers, the result would be that a cause of action to enforce the Washington statute would never be initiated if it had to be brought in the state of California.

For these reasons, the Court denies Defendant's Motion to Dismiss.

## II.    Defendant's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Walter Ledda asserts the Court does not have personal jurisdiction over him. In *Grayson v. Nordic Const. Co., Inc.*, the Washington Supreme Court held that if a corporate officer participates in wrongful conduct or with knowledge approves the conduct, then the officer, as well as the corporation, is liable for penalties. 92 Wash.2d 548, 554 (1979). Deceptive practices in violation of the Consumer Protection Act are the type of wrongful conduct that justifies imposing personal liability on a participating corporate officer. *Id.*

In determining whether the plaintiff has set forth a prima facie case for jurisdiction, the Court must treat the allegations in the complaint as true. *Lewis v. Bours*, 119 Wash.2d 667, 670 (1992). Here, in their complaint, Plaintiffs allege that Defendant Ledda directed the business affairs of the corporation and established, directed, and/or ratified the unfair and deceptive business practices alleged in the Complaint. Plaintiffs have met their burden of establishing a prima facie case to survive a motion to dismiss.

The Court will reserve ruling on the motion to permit Plaintiffs to promptly

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 7**

conduct discovery on the question of personal jurisdiction. After discovery, Defendant Ledda can renew his motion. An evidentiary hearing can then be held, or written submissions can be filed with the Court in order to permit the Court to resolve the question of personal jurisdiction.

### III. Motion to Strike

Defendants move to strike portions of the declarations of Darrell Scott and Sharon Bradley, and exhibits attached to those declarations. Defendants ask the Court not to consider these portions when ruling on the Defendants' respective motions. Their fifty-seven evidentiary objections include inadmissible hearsay, conclusory statements, improper opinion testimony, speculation, improper character evidence, extrinsic credibility evidence, irrelevance, and ER 403 objections. Plaintiffs have not challenged the objections raised as to Sharon Bradley's declaration, but have defended Darrell Scott's declaration and attached documentation.

Plaintiffs have not relied on the objected to portions of the declarations. Thus, Defendant's motion to strike is moot. *See Keith v. CUNA Mut. Ins. Agency, Inc.*, 2009 WL 1793675 *7 n.3 (W.D. Wash. 2009) (denying motion to strike as moot where Court did not consider objected to declaration).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss for Improper Venue (Ct. Rec. 8) is **DENIED**.

2. Defendant Ledda's Motion to Dismiss for Lack of Personal Jurisdiction (Ct. Rec. 13) is **DENIED**, with leave to renew.

3. Defendant's Motion to Strike (Ct. Rec. 25) is **DENIED**, as moot.

///
///
///

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 8**

1  **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
2  Order and to provide copies to counsel.
3  **DATED** this 31st day of August, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Senior United States District Court

Q:\CIVIL\2009\Bradley\deny.wpd

28 **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUES; DENYING WITH LEAVE TO RENEW DEFENDANT LEDDA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 9**